IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELLIS RICHARD DOUGLAS, JR. #210716
        Plaintiff             :

        v.                :    CIVIL ACTION NO. CCB-10-1825

JOHN S. WOLFE, WARDEN      :
        Defendant

**MEMORANDUM**

On July 7, 2010, Ellis Richard Douglas, Jr., a Maryland Division of Correction (DOC) prisoner confined at the Jessup Correctional Institution (JCI), filed a complaint stating that since February 1, 2010, the Warden and several correctional officers have placed his housing unit on lock-down, resulting in the denial of hot meals, showers, exercise and recreation, library visits, and outside visitors. He further complains that he has been approved for a prison job but never assigned to work. He seeks injunctive relief and "back pay" for the time during which he could have been earning prison wages. ECF No. 1.

Currently pending before the court is defendants' unopposed motion to dismiss or, in the alternative, motion for summary judgment.[1] ECF No. 25. Also pending is plaintiff's injunctive relief request[2] (ECF No. 18) and a request for appointment of counsel.[3] ECF No. 27. The case is ready for consideration. No hearing is deemed necessary. *See* Local Rule 105.6. (D. Md. 2010).

Federal Rule of Civil Procedure 56(a) provides in relevant part:

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on December 15, 2010, the Clerk notified plaintiff that defendants had filed a dispositive motion, he was entitled to file opposition materials, and his failure to file an opposition or to show a genuine dispute of material fact would result in the dismissal of his case. ECF No. 26. Plaintiff sought additional time to and including January 21, 2011, to file an opposition. ECF No. 27. Nothing further has been received.

[2] Plaintiff's request that this court order DOC officials to place all older prisoners in a separate housing area is outside the scope of the original complaint and is denied.

[3] Lack of access to a typewriter is an insufficient reason for the appointment of counsel. The fact that plaintiff was denied access to the prison library on one occasion (ECF No. 23) likewise presents no reason to justify appointment of counsel in this case.

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Defendants offer multiple grounds for dismissal, including the fact that administrative exhaustion has not been satisfied. ECF No. 25 at 2, Exhibit 1, Declaration of Edwina Gwynn-Beatty, JCI Litigation Coordinator. Plaintiff likewise indicates he did not seek relief through the Administrative Remedy Procedure (ARP) process. ECF No. 1 at 2-3.

The Prison Litigation Reform Act ("PLRA") generally requires a prisoner to exhaust

administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to plaintiff's allegations. His complaint must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Id*. at 530; *see also Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or final administrative review after the prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"), *abrogated on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not also seek judicial review); *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his

3

administrative claim through all four stages of the BOP's grievance process).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated within thirty calendar days of the incident (or of the date the inmate first gained knowledge of the incident or injury) is the first of three steps in the ARP process provided by the DOC. If this request is denied, the prisoner has thirty calendar days to file an appeal with the Commissioner of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the IGO. *See* Division of Correction Directive 185-002.VI.L-N (copy attached); *see also* Md. Code Ann. Corr. Serv. §§ 10-201 to 10-209.

Plaintiff does not dispute the record or allegations of non-exhaustion. While this court may be obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials," *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007), there is no allegation here that plaintiff, through no fault of his own, was prevented from availing himself of the ARP process. *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Instead, plaintiff through his own actions failed to follow through with the full ARP process offered by the DOC. Therefore, defendants' motion for summary judgment for failure to exhaust administrative remedies shall be granted.

A separate order shall be entered in accordance with this Memorandum.


<u>January 31, 2011</u>                  <u>/s/</u>
Date                                                                                    Catherine C. Blake
                                                                                     United States District Judge